**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

            Plaintiff,

vs.

DIANNE SCHWAB,

            Defendant.
_____/

CASE NO. 2:13-cv-10542

HON. GERSHWIN A. DRAIN
MAG. JUDGE DAVID R. GRAND

## **CONSENT JUDGMENT**

This matter having come before the Court upon the United States' complaint; the parties having reached an agreement; and the Court being duly advised in the premises, now therefore

The Court finds:

    That Defendant is indebted to the United States for unpaid restitution in the amount of **$12,151.54**.

    That Defendant is currently without assets sufficient to pay the judgment in full; and

    That it is in the best interests of the parties to enter into an installment agreement; now therefore,

**IT IS HEREBY ORDERED that:**

1) Judgment shall enter against **DIANNE SCHWAB** in the amount of **$12,151.54**;

2) Defendant agrees to pay the sum specified in paragraph 1**,** in equal monthly installments of **$25.00** and continuing until the entire obligation has been paid in full; This agreement shall remain in force and effect until such time as the judgment is paid in full;

   All payments shall be by check or money order and shall be made payable to the **U.S. Department of Veterans Affairs** with the notation:
   **"Dianne Schwab SSN #XXX-XX-8017".**

   **Payments shall be mailed to:**

   **United States Attorney's Office**
   **211 W. Fort Street -- Suite 2001**
   **Attn: Financial Litigation Unit**
   **Detroit, Michigan 48226**

   After recording that payment has been received in accordance with this agreement, the U.S. Attorney's Office will forward payments to:

   U.S. Department of Veterans Affairs
   Purchase Care@ Health Administration Center
   P.O. Box 469062
   Denver, CO  80246-9062

3) To the extent that Defendant is entitled to a federal tax refund, said refund shall be subject to the Tax Offset Program;

4) Defendant shall submit complete annual financial information pursuant to the request of the United States;

5) Defendant shall maintain books and records sufficient to verify all financial information submitted to the United States;

6) All payments due hereunder are to be forwarded to the United States in such a manner as to be received by the United States on or before the due date of such payment;

7) The payment terms established hereunder are subject to modification upon material changes in Defendant's financial condition;

8) In the event that the United States does not receive any payment by close of business on the due date of the payment, due to the actions of the defendant, or does not receive the financial information required by this agreement, the United

      States may take any action deemed necessary to collect the then outstanding balance due from Defendant;

9)     In the event the United States does not receive any payment by the close of business on the due date of the payment, due to the actions of the defendant, then in addition to the remedies provided in paragraph 8, interest at the standard federal judgment rate then in effect shall begin to accrue on the outstanding balance due on the debt;

10)    In the event that Defendant's place of employment changes or Defendant's residence changes, then Defendant shall notify the United States of such change within five days of the change of employment or change of residence;

11)    As long as Defendant is in compliance with all the terms of this agreement, the United States shall not garnish Defendant's wages or bank accounts.


Dated: February 11, 2013          /s/Gershwin A Drain
                                          United States District Judge


### STIPULATION

The undersigned parties hereby stipulate to the entry of the above-stated order.


BARBARA L. McQUADE
United States Attorney


s/Jacqueline M. Hotz                  Dianne Schwab *(w/consent )*
JACQUELINE M. HOTZ (P35219)     DIANNE SCHWAB
Assistant U. S. Attorney                    Defendant
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
Jackie.Hotz@usdoj.gov
(313) 226-9108

States may take any action deemed necessary to collect the then outstanding balance due from Defendant;

9) In the event the United States does not receive any payment by the close of business on the due date of the payment, due to the actions of the defendant, then in addition to the remedies provided in paragraph 10, interest at the standard federal judgment rate then in effect shall begin to accrue on the outstanding balance due on the debt;

10) In the event that Defendant's place of employment changes or Defendant's residence changes, then Defendant shall notify the United States of such change within five days of the change of employment or change of residence;

11) As long as Defendant is in compliance with all the terms of this agreement, the United States shall not garnish Defendant's wages or bank accounts.

_____
Judge

**STIPULATION**

The undersigned parties hereby stipulate to the entry of the above-stated order.

BARBARA L. MCQUADE
United States Attorney

By: _____
JACQUELINE M. HOTZ (P35219)
Assistant United States Attorney
211 W. Fort, Ste. 2001
Detroit, Michigan 48226
Tel. No. (313) 226-9108

_____
DIANNE SCHWAB
Defendant

N:\COliver\PTD_2012\SCHWAB_PTDAgreement.wpd